Gordon **BLANCHETTE**, Plaintiff,

v.

Walter J. **KUPCHUNOS,**
**Jr.**, Defendant.

No. Civ. 3:99CV1346(PCD).

United States District Court,
D. Connecticut.

Oct. 16, 2000.

---

Michael A. Georgetti, Hartford, CT, for Gordon Blanchette, plaintiff.

Lynn D. Wittenbrink, Attorney General's Office, Hartford, CT, for Walter J. Kupchunos, Jr., defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Senior District Judge.

Defendant moves for summary judgment. Defendant's motion is granted.

## I. JURISDICTION

This court has subject matter jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## II. BACKGROUND

### A. Factual Background

Plaintiff, Gordon Blanchette, was born on November 28, 1933. In 1986, plaintiff was appointed as a special deputy sheriff. Several Hartford County High Sheriffs in sequence employed him as a special deputy sheriff since then. Defendant, Walter J. Kupchunos, Jr., was Hartford County's High Sheriff when the cause of action arose. In 1996, plaintiff's immediate supervisor granted plaintiff's request to reduce below a full schedule the number of days that plaintiff worked. The policy of the Hartford County Sheriff's Department (the "Department") at that time allowed special deputy sheriffs to choose the days they wanted to work.

In 1996, defendant's Chief Supervisor for the Department was charged with reducing the budget deficit. The Chief Supervisor examined the effects of the policy of allowing special deputy sheriffs to choose the days they worked. He determined that this policy often resulted in overstaffing the courthouses.

To reduce the budget deficit, the Chief Supervisor determined that some special deputy sheriffs would be designated as "part-time." Part-time special deputy sheriffs were placed on the on-call list, which meant that they would only be called to work if a shift was short two "full-time" special deputy sheriffs.

In early 1997, defendant, through his agent, notified plaintiff of the policy change and of his designation as part-time. Plaintiff claims that in February of 1997, he indicated to the Chief Supervisor that he considered himself full-time and did not want to be on-call. Plaintiff remained on the on-call list until March of 1998. Between February 7, 1997 and March 13, 1998, Plaintiff was not given a hearing prior to being assigned part-time status and being placed on the on-call list. While he was on the on-call list, he was never asked to turn in his badge, his uniforms, or other equipment that he received as a

special deputy sheriff. In November of 1997, plaintiff received training for special deputy sheriffs provided by the Department. During the time that plaintiff was on the on-call list, he was permitted to come onto the premises of the Department, and he could review the bulletin board that provided information to special deputy sheriffs. Plaintiff retained a do or-key/identification card that remained active throughout the period of time that he was on the on-call list.

### B. Procedural History

Believing that he had been discriminated against based on his age, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities in 1997. The Commission dismissed plaintiff's claim for lack of reasonable cause on the merits.

In 1999, plaintiff brought this action in the Superior Court of the State of Connecticut alleging violations of Connecticut General Statutes §§ 6–32b, 6–43. Plaintiff also alleged that defendant failed to secure to plaintiff, unlawfully deprived plaintiff, or caused plaintiff to be unlawfully deprived of rights secured to him by the Fourteenth Amendment of the U.S. Constitution and by 42 U.S.C. § 1983. The action was removed to this court on July 16, 1999.

Defendant moves for summary judgment. Memoranda of law and a statement of material facts not in dispute are on file.

### III. DISCUSSION

#### A. Legal Standard

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Supreme Court has held that the mere existence of an alleged factual dispute is not, by itself, sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The adverse party (in this case plaintiff) must provide sufficient evidence to demonstrate that there is a genuine issue of material fact. *See id.* at 248–49, 106 S.Ct. 2505. The substantive law of the case will determine which facts are material. *See id.* at 248, 106 S.Ct. 2505. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The court must view the facts in the light most favorable to the adverse party and draw all inferences in favor of the adverse party. *See Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992). However, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986).

#### B. Removal" under Conn.Gen.Stat. § 6–43

The plaintiff claims that he was terminated without a hearing in violation of Connecticut General Statutes § 6–43. The statute provides in pertinent part:

In case of riot or civil commotion or reasonable apprehension thereof, or when he deems it necessary for the prevention or investigation of crime, or when needed for attendance at court, the sheriff of any county may appoint special deputy sheriffs in such numbers as he deems necessary. Special deputy sheriffs shall be sworn to the faithful performance of their duties and, having been so sworn, shall have all the powers of the sheriff as provided by law, except as to service of civil process; and such special deputies shall continue to hold their office as long as the term of the

office of the sheriff appointing them, unless sooner removed for just cause after due notice and hearing.

Conn.Gen.Stat. § 6–43 (1997).

Plaintiff argues that defendant prevented plaintiff from working as a special deputy sheriff between February 7, 1997 and March 13, 1998. Plaintiff claims that this constitutes a *de facto* termination without a hearing for just cause. Under plaintiff's interpretation of § 6–43,[1] defendant was statutorily mandated to continue to permit plaintiff to work full-time. According to plaintiff, since the policy of the Department had always been to allow special deputy sheriffs to work as many days as they chose, defendant was required to give plaintiff notice of the change in policy and the option of choosing full-time or part-time status.

The decision on this motion turns on the concept in § 6–43 and the meaning of the word "removed" and the phrase "hold their office" therein. Plaintiff relates these terms to the days a special deputy sheriff works. However, there is no support for plaintiff's position in the language of the statute, which is not an employment statute. It creates an office of special deputy sheriff, defines its powers, specifies appointment, and precludes removal. It does not specify hours during which special deputy sheriffs will function as a minimum. In effect, the office is not defined in terms of hours for which an officeholder is entitled to compensation.

■ A special deputy sheriff, by appointment and oath, is cloaked with "all the powers of the sheriff as provided by law, except as to service of civil process." *See* Conn.Gen.Stat. § 6–43. The Connecticut legislature thereby defined the office of special deputy sheriff. A High Sheriff is not authorized to reduce, nor remove, the powers granted to special deputy sheriffs except for just cause after notice and hearing. It is only by removal of a special deputy sheriff from office that a sheriff is

required to provide a hearing and show just cause. This is not a case of removal from office. Alteration, reduction, or elimination of the hours an individual special deputy sheriff is assigned to carry out specific duties as such does not constitute removal from office.

Plaintiff argues that he was employed, (Compl.¶ 3), that he was relegated to part-time employment, (Compl.¶ 4), that he was refused employment, (Compl.¶ 5), but that he has not been removed from office, (Compl.¶¶ 6, 7). For redress, he claims money damages which can only be construed as premised on his alleged loss of employment. As he does not claim to have been removed from office, he cannot be construed as claiming damages as a result of removal. Plaintiff concedes that "[§ 6–43] does not explicitly state that any special deputy sheriff is automatically entitled to work a certain number of hours." (Pl.'s Mem. Opp'n Summ.J. at 4.) He correctly argues, however, that "implicit in the section is that a special deputy sheriff will be allowed to exercise his or her duties as a special deputy sheriff unless removed after hearing for cause." *Id.* However, plaintiff argues, in effect that the phrase "exercising the duties of special deputy sheriff" is equivalent to "working as a special deputy sheriff for pay." The two phrases are not equivalents. Once appointed and sworn, a special deputy sheriff is authorized by § 6–43 to exercise the duties of a special deputy sheriff. That authority continues unless and until he or she is removed from office, and then only for just cause and on notice and after a hearing. A special deputy sheriff retains that authority even when he or she is not assigned to work. Plaintiff does not allege that he was relieved of that authority nor that he was removed from office. It has not been alleged that he was not allowed to work as a special deputy sheriff for pay.

---

1. Plaintiff's complaint also refers to Conn.Gen. Stat. § 6–32b which has no bearing on this matter.

█ Plaintiff argues, mistakenly, that when the Department created the policy whereby special deputy sheriffs could work as many days per week as they chose, it had, in effect, modified the definition of the office, expanding it to vest him with the right to function in the courthouse for certain hours as some level of compensation. This argument would graft onto § 6–43 the policy by which he was accustomed to "working" certain hours and being paid therefor. It ignores the definition of the office he holds. He accrues the right to that office as defined by statute. He accrued no other right. The High Sheriff had no authority to alter or expand the office as defined by § 6–43. There is no basis in the statute for plaintiff to claim a right to hours and pay as the statute which defined his office may not be thus modified to vest him a right to hours and pay.

The legislature has given High Sheriffs, such as defendant, considerable discretion in the appointment and utilization of special deputy sheriffs. *See generally St. George v. Mak,* 842 F.Supp. 625, 635 (D.Conn.1993) (decided prior to most recent amendment of CONN.GEN.STAT. § 6–43). The High Sheriff is authorized to appoint special deputy sheriffs to meet his needs in fulfilling the duties of his office. He is not authorized by § 6–43 to guarantee special deputy sheriffs hours of work or compensation. Plaintiff's argument based on special status for deputies appointed in emergencies has no relevance to his claim.

█ Plaintiff argues that he should have been allowed to choose between full-time and part-time status. There is no support in the statute for this claim. The terms full-time and part-time were created by a policy of the Department. That policy met no requirements of § 6–43. If plaintiff's argument were accepted special deputy sheriffs would have the power to make administrative decisions about how they should be utilized. The High Sheriff would be subordinate to the will of each special deputy sheriff whose days are af-

fected. No such right is afforded by the amended § 6–43 when it required the High Sheriff to provide a special deputy sheriff with a hearing prior to removal.

Plaintiff was not deprived of any right of the office of special deputy sheriffs, and so he was not "removed" within the meaning of § 6–43. Plaintiff's claim that he was deprived of a right granted to him under § 6–43 must fail.

### C. Qualified Immunity

██ Defendant raises the defense of qualified immunity as to plaintiff's § 1983 claim. When ruling on a motion for summary judgment, the court should determine whether the right that the government official is alleged to have violated was clearly established statutory or constitutional right of which a reasonable person would have known at the time the cause of action arose. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* In order to avoid "excessive disruption of government" and other social costs that accompany a public official being required to defend a civil suit, the defense of qualified immunity should be decided on summary judgment. *See id.*

Plaintiff's second cause of action, an alleged violation of his rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983, must fail since he was not deprived of a property right created by § 6–43. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("Property interests ... are not created by the Constitution. Rather, they are created and ... defined by existing rules or understandings that stem from an independent source such as state law."). This conclusion is based on the language of

§ 6–43, the lack of case law directly in support of plaintiff's position, and the discretion granted to High Sheriffs in appointing and utilizing special deputy sheriffs. Thus, it is unnecessary to decide the question of qualified immunity. However, because plaintiff had no property right to work any particular hours for pay, there was no right lost to plaintiff as a result of any conduct by defendant and thus qualified immunity would not be invocable even if plaintiff were now recognized to be entitled to enforce the right here claimed. *See Harlow*, 457 U.S. at 818, 102 S.Ct. 2727.

## IV. CONCLUSION

Defendant's motion for summary judgment (Doc. no. 22) as to CONN.GEN.STAT. § 6–43 and as to 42 U.S.C. § 1983 is hereby **granted.**

SO ORDERED.